**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**         aw9361
-------------------------------------------------------------X
**IN RE:**                                                           **Chapter 13**
    **FAYE MARK IFILL,**                                    **Case No. 11-75289-ast**
        **Debtor(s)**
-------------------------------------------------------------X

**ATTORNEY'S AFFIRMATION IN SUPPORT OF THE**
**MOTION TO LIFT AND VACATE THE STAY**

TO: **HON. ALAN S. TRUST**, United States Bankruptcy Judge:

    ALAN H. WEINREB, ESQ., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

    1.    I am the Managing Partner of THE LAW OFFICES OF ALAN WEINREB, PLLC, Of Counsel to Pitnick & Margolin, the attorneys for **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC5, Asset Backed Pass-Through Certificates,** hereinafter referred to as "MOVANT", and as such I am fully familiar with the circumstances of this case.

    2.    I make this affirmation in support of MOVANT'S Motion for an Order vacating the automatic stay imposed by virtue of 11 U.S.C. Section 362 (d)(1).

    3.    Movant's application is brought pursuant to F.R.B.P. 4001, for an Order: (i) modifying and terminating the automatic stay pursuant to 11 U.S.C. Section 362 (d)(1) permitting Movant to exercise all of its rights and remedies as the owner of the Premises known as **10 Melton Drive W, Rockville Centre, New York 11570**, currently occupied by the Debtor; and (ii) granting such other and further relief as this Court deems just and proper.

    4.    That the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code on **July 26, 2011. Marianne DeRosa** has been appointed interim

Chapter 13 Trustee. Said filing stayed the execution of a Warrant of Eviction for the premises in which the Debtor resides.

5. That by Referee's Deed dated March 5, 2009 issued in connection with a Judgment of Foreclosure and Sale entered July 16, 2008 granted in an action to foreclose a mortgage made by Carlton Johnson (non-debtor), recorded in the Nassau County Clerk's Office on September 7, 2005 in Liber 29347 Page 721, movant became the owner of the premises occupied by the debtor known as 10 Melton Drive W. Rockville Centre, New York 11570. (See Deed annexed as Exhibit 'A').

6. That a Warrant of Eviction/Holdover was issued to the Sheriff of Nassau County on May 2, 2011 by the Honorable Scott Fairgrieve, Judge of the First District Court, directing that the Movant be put into possession of the premises so held by it and to evict all occupants therein. (See Exhibit 'B').

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…" As set forth above, cause exists to vacate the automatic stay as the Debtor has no interest in the subject premises and there is no Landlord Tenant relationship between the Debtor and the Movant.

8. Movant seeks an order of relief from the automatic stay imposed by 11 U.S.C. § 362(a) so it may continue its possession proceedings previously instituted.

## SUMMARY OF APPLICANT'S POSITION

9. It has been established by precedent that the issuance of a warrant of eviction terminates the landlord tenant relationship under NY RPAPL Section 749. Under the law of New York, applicable here, the issuance of a warrant of eviction cancels the lease between the parties and annuls the relationship of landlord and

tenant. *See Real Property Actions & Proceedings Law* Section 749(3). RPAPL § 749(3) provides, in relevant part:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

10. The filing of a Bankruptcy petition does not resurrect a lease, and a Bankruptcy Court does not have the power to resurrect the lease which was terminated prior to the filing of a lessee's Bankruptcy petition. *See Bell v. Alden Owners, Inc.* 199 B.R. 451, 458 (S.D.N.Y. 1996); *Bucknell Leasing Corp. v. Darwin (In re Darwin)* 22 B.R. 259. 262 (Bankr.E.D.N.Y. 1982).

11. A state court judgment issued prior to the filing of a Debtor's bankruptcy case is res judicata in the Bankruptcy Case, and the Debtor may not relitigate issues already decided by the state court. *Bell,* 199 B.R., at 458; *Manhattan King David Restaurant, Inc. v. Levine* 163 B.R. 36, 39 (S.D.N.Y. 1993) and *In re Lady Liberty Tavern* 94 B.R., 812, 814 (Bankr.S.D.N.Y. 1988). A Bankruptcy Court judge should give preclusive effect to a state court's judgment terminating a lease prepetition and awarding possession of the premises to the landlord. The issuance of a warrant in summary proceedings to remove the tenant cancels the lease and annuls the <u>relationship of landlord and tenant.</u> *Federiwicz v. Potomac Ins. Co.* 7 AD2d 330, 183 NYS2d 115 (4th Dept. 1959). The issuance of a warrant in a summary proceedings effects the cancellation of the lease. *D.A.Schulte, Inc. v. Cross* 146Misc 763, 262 NYS 798 (1933).

12. Once the landlord/tenant relationship is terminated based upon the issuance of a warrant of eviction, it may only be revived where the full rental arrears are

...

tendered (with good funds) and accepted by the Landlord.  As a corollary, the landlord is free to accept payments against existing arrears, without reviving the landlord/tenant relationship.  See *In re Darwin* 22 B.R., 259, 264 (Bankr. E.D.N.Y. 1982) wherein the court, in finding the issuance of a warrant terminated a tenancy, stated as follows:

> The Debtor contends that the fact that he tendered two post petition rent payments to the landlord which were refused, should lead this court to a different result.  Unfortunately, for the Debtor, under New York Law, once the warrant of eviction is issued, the landlord is under no obligation to accept the tender of rent and the tendering of same does not reinstate the tenancy. See *In re Barry Dabney Bankr.No.* 79 B 2304 (Coata, B.J. July 12, 1979) aff'd *In re Debney* 3 B.R. 719, 22 C.B.C. 786 (EDNY 1980) Citing *In re Torres supra; 300 West Realty Co. v. Woods supra.*

13.    Predicated upon same, the Warrant of Eviction issued on May 2, 2011 should be given preclusive effect.  Moreover, in the present case there is no lease or rental agreement between the Debtor and the Movant, **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC5, Asset Backed Pass-Through Certificates,** for these premises pursuant to RPAPL § 713(5).  The Debtor here is not a tenant but simply a holdover squatter in a piece of property that has already been foreclosed upon, which is not property of the Debtor.

14.    Accordingly, there is "cause" as set out in 11 U.S.C. 362(d)(1) to vacate the automatic stay as the Debtor continues to reside in applicant's property without any lease or other agreement or ownership interest in the premises to allow him to continue to occupy these premises.

WHEREFORE, **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-NC5, Asset Backed Pass-Through Certificates**, respectfully requests an Order be granted vacating the automatic stay as to Movant to enable Movant to continue its summary proceedings against the premises.

Dated:  Syosset, New York
       September 1, 2011                                  <u>/s/Alan H. Weinreb, Esq.</u>
                                                        Alan H. Weinreb, Esq.